UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                    Criminal Case No. 07-20559-2
v.                                   Honorable Linda V. Parker

GERALD BERNARD WHITLEY,

        Defendant.
_____/

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR REDUCED SENTENCE AND DENYING AS MOOT HIS EMERGENCY MOTION

On November 14, 2007, Defendant Gerald Whitley was charged in a three count indictment with (1) conspiracy to distribute crack cocaine in violation of 21 U.S.C. § 846, (2) felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1); and (3) possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1).  On June 10, 2008, Defendant pleaded guilty without a written plea agreement to Count One of the Indictment before the Honorable Sean F. Cox. (*See* ECF No. 18 at Pg ID 41.)  Defendant admitted to having over fifty grams of crack cocaine.  (*Id.* at 52.)

Prior to the plea hearing, the Government filed a notice of penalty enhancement reflecting that Defendant would be subject to a mandatory life sentence if found guilty on Count One due to his prior convictions.  (ECF No. 16.)

Pursuant to the plea agreement, Defendant could withdraw his guilty plea if the Government failed to amend that information to provide that he has no more than one qualifying prior conviction. (ECF No. 18 at Pg ID 41.) The effect would be to lower the mandatory minimum sentence to twenty years. (*Id.*)

The Government amended the information concerning Defendant's prior convictions on August 1, 2008. (*See* ECF No. 19.) This amended information reflects a January 8, 1997 conviction in Wayne County Circuit Court for attempted possession with intent to deliver ("PWID") less than 50 grams of cocaine. (*Id.*)

On October 8, 2008, Judge Cox sentenced Defendant. (*See* ECF No. 23.) Defendant was sentenced as a career offender under United States Sentencing Guideline § 4B1.1 based on his criminal record, which included the attempted PWID cocaine conviction and convictions for larceny in a building, carrying a concealed weapon, and assault with intent to commit great bodily harm, less than murder. His base offense level was 37. When reduced three levels for acceptance of responsibility and combined with a criminal history category of VI, his guideline range was 262 to 327 months' imprisonment. Judge Cox sentenced Defendant to a term of imprisonment of 262 months, followed by 10 years supervised release. (*See* ECF No. 23.) Defendant did not file a direct appeal.

On April 1, 2019, he filed a motion requesting a reduction of his sentence pursuant to 18 U.S.C. § 3582(c) and the First Step Act of 2018. (ECF No. 93.)

Counsel was appointed for Defendant, who filed a supplemental motion on May 14, 2019. (ECF No. 97.) The Government filed a response to the motion on June 11, 2019. (ECF No. 102.) On April 29, 2020, Defendant filed a supplemental brief and a motion to expedite a decision on his motion indicating that he has a history of heart and breathing issues and hypertension which places him at an increased risk of serious illness from the novel coronavirus (COVID-19).[1] (ECF Nos. 104, 105.) The Government filed a supplemental response brief on May 8, 2020 (ECF No. 106), and Defendant filed a supplemental reply brief on May 12, 2020. (ECF No. 107.)

The Government agrees that Defendant is eligible for consideration of a sentence reduction under Section 404 of the First Step Act. (ECF No. 102 at Pg ID 381.) And as the Government concedes, Defendant's mandatory minimum penalty is lower (10 years) under the First Step Act.[2] (*Id.* at Pg ID 386.) The Government nevertheless asks the Court to deny Defendant's request for a reduced sentence, contending that the First Step Act does not permit a resentencing based on recent

---

[1] Defendant in fact is on the list of medically-vulnerable inmates incarcerated at the Bureau of Prison's Elkton facility in the civil lawsuit pending before Judge Gwin in the Norther District of Ohio. *See* Notice, *Wilson v. Williams*, No. 4:20-cv-00794 (N.D. Ohio filed April 30, 2020), ECF No. 35-1. *Wilson* is a habeas action filed on behalf of a class of Elkton inmates seeking early release due to COVID-19.

[2] Defendant's supervised release term also has been lowered to eight (8) years. The Government agrees that the term of Defendant's supervised release should be reduced. (ECF No. 102 at Pg ID 392.)

changes in the guidelines. The Government cites several district court decisions interpreting the First Step Act in this manner. (*See* ECF No. 389-90.) The Government argues that Defendant's sentence today must be determined based on his career offender status when originally sentenced. Accordingly, the Government maintains that Defendant's guideline range today is what it was when he was originally sentenced (262-327 months), which was a sentence "well above the applicable mandatory minimum." (*Id*. at Pg ID 381, 384.)

Generally, federal courts may not modify an individual's term of imprisonment. 18 U.S.C. § 3582(c). Section 3582(c)(1)(B) provides an exception to this general rule. Under this section, a court may "modify an imposed term of imprisonment to the extent otherwise permitted by statute . . .." *Id*. at § 3582(c)(1)(B). The First Step Act is such a statute.

Under the First Step Act, "[a] court that imposed a sentence for a 'covered offense' may … impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 … were in effect at the time the covered offense was committed." First Step Act § 404(b) (internal citations omitted). A "covered offense" is "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 . . . that was committed before August 3, 2010." *Id*. § 404(a) (internal citations omitted).

The First Step Act imposes a few limitations on a court's power to reduce a sentence. A court cannot reduce a sentence (1) if the court previously reduced defendant's sentence under the Fair Sentencing Act; or (2) if a defendant previously moved under the First Step Act and a court denied the defendant's motion on the merits. *Id.* at § 404(c). Whether to reduce a sentence under the First Step Act is within the court's discretion. *Id.* ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section").

The First Step Act retroactively applies certain sentencing reform provisions of the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat 2372. Specifically, the First Step Act retroactively applies the reduced statutory penalties for cocaine base ("crack") offenses in the Fair Sentencing Act to "covered offenses" committed before August 3, 2010. The court that imposed a sentence for a covered offense may impose a sentence as if the Fair Sentencing were in effect at the time the covered offense was committed. However, § 404(c) of the First Step Act makes clear that a sentencing reduction is discretionary. *See* Pub. L. 115-391, § 404(c), 132 Stat. 5194, 5222 ("Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.")

In deciding whether to exercise its discretion and reduce a sentence, courts may consider the full range of facts set forth in 18 U.S.C. § 3553(a), including a defendant's applicable guideline range as well as all other pertinent information

about the offender's history and conduct. *United States v. Allen*, 956 F.3d 353, 357 (6th Cir. 2020). In *Allen*, the Sixth Circuit "emphasized the desirability of using existing sentencing criteria in this new sentencing context." *United States v. Foreman*, -- F.3d --, 2020 WL 2204261, at *6 (6th Cir. 2020) (citing *Allen*, 956 F.3d at 357). "It would be anomalous, the *Allen* court reasoned, for Congress to have delegated this level of discretion without some guiding principles in mind." *Id* (citing *Allen*, 956 F.3d at 357). The *Allen* court found it "likely … that Congress intended district courts to apply, by default, existing sentencing standards when exercising their discretion." 956 F.3d at 357 (quoting *United States v. Rose*, 379 F. Supp. 3d 223, 235 (S.D.N.Y. 2019)).

Nevertheless, Defendants eligible for relief under Section 404 of the First Step Act are not entitled to a plenary resentencing. *United States v. Alexander*, 951 F.3d 706, 708 (6th Cir. 2019) (per curiam). In other words, a de novo resentencing hearing is not required. (*Id.*)

As the Government concedes, Defendant is eligible for consideration of a sentence reduction under Section 404 of the First Step Act because he was sentenced for a "covered offense" before August 3, 2010, and the statutory penalty for his conviction has been reduced. The Court has not previously reduced his sentence under the Fair Sentencing Act or denied a prior First Step Act motion as to Defendant.

When Defendant was sentenced, he had two prior felony convictions that were either a crime of violence or a controlled substance offense, one of which was his attempted PWID conviction. This criminal record resulted in Defendant's designation as a career offender under U.S.S.G. § 4B1.1. Since that time, however, the Sixth Circuit has held that the U.S.S.G. Manual does not include attempt crimes as controlled substance offenses. *United States v. Havis*, 927 F.3d 382, 386 (2019). As a result of *Havis*, if the Court sentenced Defendant for the first time today, he would no longer qualify for career offender status and his guideline range would be 92 to 115 months, which is restricted to 120 months based on the statutory mandatory minimum. The Court considers the existing sentencing standards when deciding whether to reduce Defendant's sentence.

In accordance with § 3553(a), the Court takes into consideration the history and characteristics of Defendant. This includes consideration of his behavior while incarcerated. The Individualized Reentry Plan attached to Defendant's first supplemental brief reflects no disciplinary history for the six months prior to January 16, 2019, that he has completed numerous educational courses and programs, has been employed, and has completed his GED. (ECF No. 97-1.) Clearly, Defendant has availed himself of the educational opportunities that existed while incarcerated. According to the probation department, Defendant has been

sanctioned only once during his time in custody, on April 18, 2008, for being in an authorized area.

Defendant is now fifty-one (51) years old. He suffers from medical conditions sufficiently severe to place him on a list of the prisoners at the Bureau of Prison's Elkton facility who have medical conditions rendering them particularly vulnerable to serious health risks if the novel coronavirus is contracted. *See* Notice, *Wilson v. Williams*, Case No. 4:20cv794 (N.D. Ohio Apr. 30, 2020), ECF No. 35-1 at Pg ID 530.

Having concluded that Defendant is entitled to a reduced sentence under the First Step Act, and after considering all of the relevant factors set forth in 18 U.S.C. § 3553(a), including the need for the sentence imposed, the Court finds that a sentence of time served, amounting to 145 months and six days, plus a reasonable number of days (not to exceed seven) needed by the Bureau of Prisons to process his release, is sufficient and not longer than necessary to achieve the goals of sentencing Defendant. The Court will impose a supervised release term of eight years in accordance with the modified statutory penalties for his conviction.

Accordingly,

**IT IS ORDERED** that Defendant's motion for a reduced sentence is **GRANTED** pursuant to § 404(b) of the First Step Act.

**IT IS FURTHER ORDERED** that Defendant is sentenced to time served, amounting to 145 months and six days, and a supervised release term of eight year. The Bureau of Prisons is authorized to delay execution of this Order for up to seven days after its issuance to make necessary arrangements related to Defendant's release. The Bureau of Prisons is directed to proceed as expeditiously as possible so as to avoid any unnecessary delay. An amended judgment will issue.

**IT IS SO ORDERED**.

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: May 15, 2020